UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HOWARD ALAN McCOWAN, Civil No. 00-1865 (DWF/JMM)

Plaintiff,

v. **ORDER**

JANET RENO, J.W. TIPPY, CHAPLAIN LONGERNECKER, D.R. BENSON, MARK MILLER, and M.R. ISAACSON,

Defendants.

Plaintiff, a prisoner at the Federal Correctional Institution at Memphis, Tennessee, has filed a Complaint seeking relief under 42 U.S.C. § 1983. He claims that Defendants violated his federal constitutional rights during a prior term of confinement at the Federal Correctional Institution at Waseca, Minnesota. Plaintiff filed his Complaint in the federal district court for the District of Columbia, but that Court transferred the case to this District by order dated June 7, 2000.[1]

When Plaintiff commenced this action he did not pay the $150 filing fee required by 28 U.S.C. 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 2 and 3.) Thus, the matter is now before this Court for consideration of Plaintiff's application for IFP status.

---

[1] For reasons that are not readily apparent, the Clerk of the District of Columbia Court did not effect the transfer of the file until August 2, 2000.

FILED AUG 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Because Plaintiff is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in

installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a "Prisoner Trust Account Report" pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six-month period was $251.90, and that his average monthly balance during the same period was $0.11. Because the average monthly deposit amount exceeds the average monthly balance, Plaintiff's initial partial filing fee will be twenty percent (20%) of his average monthly deposits – i.e., $41.98 ($251.90 x 20% = $41.98). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed.[2] The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the Complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a

[2] The financial information accompanying Plaintiff's IFP application shows that Plaintiff has been employed and earning wages during his imprisonment. Therefore, the Court does not find Plaintiff to be wholly destitute, (see 28 U.S.C. § 1915(b)(4)), and it is expected that he will be able to pay the initial partial filing fee prescribed by this order.

claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that service of process be effected by the U.S. Marshal. If the initial partial filing fee is not paid within thirty (30) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty (30) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $41.98, failing which it will be recommended that the action be dismissed without prejudice.

Dated: August 17, 2000

JOHN M. MASON
United States Magistrate Judge